UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TASKEM; WILLIAM SCALES,

                 Plaintiffs,

-against-

AMERICAN WEB CODERS, et al,

                 Defendant.

25-CV-6166 (LTS)

ORDER DIRECTING PAYMENT OF FEES

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs bring this action without counsel.[1] To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee – or, request authorization to proceed IFP, that is, without prepayment of fees, by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Only a natural person, however, can proceed IFP. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915). An artificial entity, such as Taskem, cannot. Plaintiffs submitted the complaint without the filing fees.[2]

---

[1] Plaintiff has repeatedly been advised that a corporation cannot proceed without counsel. *See*, *e.g.*, *Global Media Network v. iHeartRadio*, ECF 1:25-CV-5554, 1 (LTS) (S.D.N.Y. July 17, 2025) (citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*")). It is vexatious for non-attorney William Scales to continue to file suit on behalf of GMN and other artificial entities without counsel, and the Court warns Plaintiff that he can be barred from bringing suit on behalf of an artificial entity, whether or not he pays the fee.

[2] William Scales has been ordered to show cause why he should not be barred from filing any actions in this court *in forma pauperis*, on or after July 24, 2025, either in his own name or in the name of a company, without first obtaining permission from the court to file his complaint. *See Global Media Network v. Pandora*, No. 25-CV-5555 (LTS) (S.D.N.Y. July 23, 2024).

Within thirty days of the date of this order, Plaintiffs must pay the $405.00 in fees. Payment of the fees should be mailed to the following address: United States District Court for the Southern District of New York, Cashiers-Room 260, 500 Pearl Street, New York, NY 10007. Payment of the fees by mail must (1) be made by money order or certified check; (2) be made payable to: Clerk, USDC, SDNY; and (3) include the docket number listed above. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash.

No further action will be taken in this case, and no summons shall issue or answer be required, until the fees are paid. If Plaintiffs submitted proper payment for this action before receiving this order, the action will proceed once that payment is processed.[3] If Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

Dated:   September 2, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] The Court notes, however, that even if the fees are paid, GMN is still subject to dismissal on the ground that an artificial entity cannot proceed without counsel.